UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRUCE ALLEN MARCHANT,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CORPORAL MENDENHALL, DIRECTOR TEWALT, WARDEN YORDY, and CHIEF OF PRISONS PAGE,<br><br>　　　　　　Defendants. | Case No. 1:20-cv-00024-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

　　　　The Complaint of Plaintiff Bruce Allen Marchant was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkts. 3, 1. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. All prisoner and pauper complaints seeking relief against a government entity or official must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that state a frivolous or malicious claim, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

After reviewing the Complaint, the Court has determined that Plaintiff will be permitted to proceed in a limited manner.

# REVIEW OF COMPLAINT

1. **Factual Allegations**

   On February 24, 2019, Plaintiff was a prisoner in custody of the Idaho Department of Correction (IDOC), residing at the Idaho Maximum Security Institution (IMSI). He asserts that, all day and into the evening until 9:00 p.m., no staff were responding to his requests for basic needs. He decided to block his door and toilet and to flood his cell with toilet water. Corporal Mendenhall responded. Plaintiff then attempted to break his fire sprinkler but was unsuccessful. Plaintiff cooperated with Mendenhall and three or four other officers by allowing himself to be handcuffed without resistance.

   Officers placed Plaintiff in the shower for about two hours. Plaintiff alleges that the handcuffs were so tight that his hands were burning and his wrists were cut all the way around his arms. Officers refused to loosen the handcuffs. After he was released, he suffered an infection in his wrists and was given no medical treatment. It took four months for the scabs and the grooves in his wrists to heal.

   Plaintiff asserts federal civil rights claims and state law claims. He seeks monetary damages and unspecified declaratory and injunctive relief.

2. **Standard of Law**

   A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiffs are required to state facts, and not just legal theories, in a complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. at 678. In *Iqbal*, the Court made clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. In other words, Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the amendments to the United States Constitution.

The Eighth Amendment to the United States Constitution protects prisoners who are convicted felons against cruel and unusual punishment. To state a claim under the Eighth Amendment, Plaintiff must state facts showing that he is "incarcerated under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities" as a result of Defendants' actions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted).

Plaintiff must also allege facts showing that Defendants were deliberately indifferent to his needs. "[D]eliberate indifference entails something more than mere

negligence, [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. To exhibit deliberate indifference, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

The kind of force that violates the Eighth Amendment is defined as "gratuitous or disproportionate force that has no object but to inflict pain." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992). Five factors set forth in *Hudson* are considered in determining whether force is excessive under the circumstances: "(1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response." *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003).

3. **Discussion of Claims**

   A. *Supervisory Defendants*

Plaintiff brings claims against IDOC Director Josh Tewalt, IMSI Warden Yordy, and Chief of Prisons Chad Page. There are no allegations in the Complaint showing that any of these supervisors knew of or personally participated in the acts or omissions that caused Plaintiff's injuries. Therefore, Plaintiff cannot proceed against them.

Should Plaintiff discover facts showing that there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation," *see Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011), he may file a motion to amend his complaint, with a proposed amended complaint that sets forth those allegations.

In *Starr v. Baca*, the United States Court of Appeals for the Ninth Circuit delineated the types of allegations that are sufficient to show a causal connection: (1) "setting in motion a series of acts by others"; (2) "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failing to act or improperly acting in "the training, supervision, or control of his subordinates"; (4) "acquiesc[ing] in the constitutional deprivation"; or (5) engaging in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1207-08 (internal quotations and punctuation omitted).

### B. *Defendant Corporal Mendenhall*

Plaintiff has sufficiently alleged that Defendant Corporal Mendenhall was personally involved in allegedly unlawful acts and omissions that caused Plaintiff's injuries. Plaintiff has alleged that he placed "officers" on notice that the handcuffs were too tight, but the officers did not respond. The Court will liberally construe this allegation to show that Mendenhall placed the handcuffs on Plaintiff too tightly to begin with or had notice and opportunity to loosen the handcuffs before the injuries occurred. However, Mendenhall may have a defense if he did not handcuff Plaintiff, did not perceive that

Plaintiff was handcuffed too tightly, or was not one of the "officers" who heard and ignored Plaintiff's requests to loosen the handcuffs.

### 4. Discussion of State Law Claims

Title 28 U.S.C. § 1367 provides that a district court may exercise supplemental jurisdiction over state claims when they are "so related" to the federal claims "that they form part of the same case or controversy under Article III of the United States Constitution." In other words, the supplemental jurisdiction power extends to all state and federal claims ordinarily expected to be tried in one judicial proceeding. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

On the face of his form Complaint, Plaintiff has checked the box indicating that he is also bringing state law claims against Defendants. Civil battery consists of a nonconsensual intentional contact with another person that is either unlawful, harmful, or offensive. *James v. City of Boise*, 376 P.3d 33, 51 (2016) (internal citation omitted). Plaintiff's allegations fit this definition, though it is subject to various defenses.

The Court will permit Plaintiff to proceed against Corporal Mendenhall under a state law battery theory, but Plaintiff will need to provide sufficient evidence that he complied with the provisions of the Idaho Tort Claims Act (ITCA), Idaho Code § 6-901, *et seq.*, should Defendant assert that he did not. Idaho Code § 6-905 requires: "All claims against the state arising under the provisions of this act and all claims against an employee of the state for any act or omission of the employee within the course or scope of his employment shall be presented to and filed with the secretary of state within one hundred eighty (180)

days from the date the claim arose or reasonably should have been discovered, whichever is later."

    5.  **Discussion of Other Claims**

Plaintiff also alleges that his facts state due process violation claims under the Fifth and Fourteenth Amendments. The Supreme Court has instructed the federal courts that, whenever possible, they should analyze constitutional claims using an "explicit textual source of constitutional protection," such as the Eighth Amendment, rather than using "the more generalized notion of 'substantive due process'" under the Fourteenth Amendment. *See Graham v. Connor*, 490 U.S. 386, 395 (1989). Under the *Graham* principle, Plaintiff's claim is more appropriately construed as an Eighth Amendment claim than a Fifth Amendment or Fourteenth Amendment due process claim.

Plaintiff also alleges a Fourth Amendment claim. A person being arrested or investigated is protected from excessive force by the Fourth Amendment, and a convicted prisoner is protected from excessive force by the Eighth Amendment. *Graham v. Connor*, 490 U.S. at 394. Plaintiff has not stated a Fourth Amendment claim because he is incarcerated under a conviction.

Finally, Plaintiff asserts that he was not provided with medical treatment, but he has not sufficiently alleged that Corporal Mendenhall was in charge of medical care. Therefore, he cannot proceed on a medical claim. He may amend his Complaint at a later date if he desires to add a new defendant for failure to provide adequate medical care under the Eighth Amendment.

## 6. Conclusion

Plaintiff may proceed against Defendant Corporal Mendenhall on Eighth Amendment cruel and unusual punishment claim and state law battery claim. This Order does not guarantee that any of Plaintiff's claims will be successful; it merely finds that one or more is colorable, meaning that the claims will not be summarily dismissed at this stage. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims, but it is only a determination that one or more of Plaintiff's claims is plausible and should proceed to the next stage of litigation.

## 7. Request for Appointment of Counsel

Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff has articulated his claims sufficiently to date. Almost no prisoners have legal training or access to broad legal resources. Plaintiff's primary task in this case is to bring forward *facts* supporting the claims; it is not necessary to provide legal argument or citations. This Order and any future motions for dismissal or for summary judgment contain the elements of the causes of action. Each element needs factual support. Additional factual support can be obtained through the disclosure and discovery procedures.

Defendants have been ordered to voluntarily produce to Plaintiff all relevant information and documents to which they have access. Plaintiff may draft simple interrogatories or requests for production to be mailed directly to Defendants' counsel for a response from Defendants if Plaintiff believes he needs further information from Defendants to meet the elements of his case.

The Court will presently deny the motion for appointment of counsel without prejudice, but it will consider appointment at a later date if the case appears meritorious after the Court has had an opportunity to review Defendants' defenses and the parties' evidence concerning the facts of the case. Plaintiff is encouraged to seek private counsel on a contingency fee basis during the course of this case.

### 8. Plaintiff's Duplicate Motions and Submission of "Form" Orders

Plaintiff has filed duplicate requests for appointment of counsel—one in his Complaint, as well as a separate motion. He has also filed two Motions regarding in forma pauperis status. Plaintiff shall not, in the future, file two requests seeking the same court action or relief.

Plaintiff has also prepared and filed proposed form orders for the Court to use in granting his motions. Dkts. 4-1, 5-1. The Court does not use prisoner-prepared form orders. Plaintiff shall not waste prison resources and clerk of court time by continuing to prepare and submit such proposed form orders.

# ORDER

**IT IS ORDERED:**

1. Plaintiff's requests for appointment of counsel (contained in the Complaint and Dkt. 4) are DENIED without prejudice. When the Court has additional evidence before it regarding the claims, it will revisit this request without the need for Plaintiff to file another request.

2. Plaintiff's Motion for Permission to Proceed on Partial Payment of Court Fees (Dkt. 5) is DENIED as MOOT. His in forma pauperis request (Dkt. 1) will be granted in a separate order.

3. Plaintiff may proceed on the Eighth Amendment claim and state law battery claim against Defendant Corporal Mendenhall. All other claims against all other Defendants are DISMISSED, and all other Defendants are TERMINATED as parties to this action. If Plaintiff later discovers facts sufficient to support a claim that has been dismissed, Plaintiff may move to amend the complaint to assert such claims.[1]

4. Defendant Corporal Mendenhall shall be allowed to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within thirty (30) days. If

---

[1] Any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Defendants choose to return the Waiver of Service of Summons, the answer or pre-answer motion shall be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court shall forward a copy of the Complaint (Dkt. 3), and a copy of this Order, and a Waiver of Service of Summons to the following counsel:

**Mark Kubinski**, Deputy Attorney General for the State of Idaho, Idaho Department of Corrections, 1299 North Orchard, Ste. 110, Boise, Idaho 83706.

5. Should any entity determine that the individuals for whom counsel for the entity was served with a waiver are not, in fact, its employees or former employees, or that its attorney will not be appearing for the entity or for particular former employees, it should file a notice within the CM/ECF system, with a copy mailed to Plaintiff, identifying the individuals for whom service will not be waived.

6. If Plaintiff receives a notice from Defendants indicating that service will not be waived for an entity or for certain individuals, Plaintiff will have an additional **90 days** from the date of such notice to file a notice of physical service addresses of the remaining Defendants, or claims against them may be dismissed without prejudice without further notice.

7. The parties must not engage in any discovery until an answer has been filed. Within 28 days after an answer has been filed, the parties must provide each other with the following initial disclosures: all relevant information pertaining to the claims and defenses in this case, including the names of individuals likely to have discoverable information, along with the subject of the information, as well as any relevant documents in their possession, in a redacted form if necessary for security or privilege

purposes; and, if necessary, they must provide a security/privilege log sufficiently describing any undisclosed relevant documents which are alleged to be subject to nondisclosure. Any party may request that the Court conduct an in camera review of withheld documents or information.

8. If, instead of filing an answer, Defendants file a motion to dismiss under Federal Rule of Civil Procedure 12(b) or a motion for summary judgment under Rule 56 that addresses preliminary procedural issues rather than the merits, then disclosures and discovery will be automatically stayed with the exception that Defendants will submit with any exhaustion-of-administrative-remedies motion a copy of all grievance-related forms and correspondence, including a copy of original handwritten forms submitted by Plaintiff that either fall within the relevant time period or that otherwise relate to the subject matter of a claim. **Submission of an earlier motion for summary judgment addressing procedural or preliminary issues (such as exhaustion and early assertion of immunity defenses) does not foreclose any party from later filing a motion for summary judgment on the merits or to assert immunity or other defenses after full discovery.**

9. Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

10. The Court will not consider *ex parte* requests unless a motion may be heard *ex parte* according to the rules and the motion is clearly identified as requesting an *ex parte* order, pursuant to Local Rules of Civil Practice before the United States District Court for the District of Idaho 7.2. ("*Ex parte*" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

11. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

12. Discovery must not be filed with the Clerk of Court, but must be exchanged between parties, only, as provided for in the Federal Rules of Civil Procedure. Motions to compel discovery must not be filed unless the parties have first attempted to work out their disagreements between themselves.

13. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter then pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

14. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do

so may be cause for dismissal of this case without further notice.

15. Pursuant to General Order 324, this action is hereby returned to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: April 10, 2020

_____
David C. Nye
Chief U.S. District Court Judge